UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANGELICA GARCIA,<br><br>             Plaintiff,<br>v.<br><br>FORTIS CAPITAL IV, LLC et al,<br><br>             Defendants. | Case No.: 5:12-CV-06491-PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Re: Docket No. 31)** |

In this arising under the Fair Debt Collection Practices Act ("FDCPA"), Plaintiff Angelica Garcia ("Plaintiff") seeks an order compelling Defendants Fortis Capital IV, LLC ("Fortis Capital"), Curtis O. Barnes ("Barnes"), and Tafoya Doe ("Tafoya") (collectively, "Defendants") to produce the addresses and telephone numbers of individuals stated in initial disclosures as likely to have discoverable information, and also an order to show cause for discovery sanctions. Having carefully considered both parties' papers, Plaintiff's motion is DENIED.

Some brief background is in order. Plaintiff Garcia incurred a consumer obligation to a primary lender, Beneficial California Inc. ("Beneficial").[1] This debt was sold to Defendant Fortis Capital.[2] Plaintiff claims that from September 10 to September 25, 2012, Defendants unlawfully

---

[1] *See* Docket No. 1 at 4.

[2] *See* Docket No. 1 at 5.

1

Case No.: 5:12-CV-06491-PSG
ORDER

attempted to collect her debt and infringed her privacy rights.[3] On December 21, 2012, Plaintiff filed suit seeking damages for severe emotional distress.[4]

In its initial disclosures, Defendants identified several employees who had worked on Plaintiff's file, including Tafoya. Defendants did not provide their personal contact information, but instead stated that those individuals could be contacted for deposition or other discovery matters through Defendants' counsel. Unsatisfied, Plaintiff filed this motion to compel disclosure of the individuals' personal contact information.[5]

Parties may obtain discovery regarding any non-privileged matter that may be used to support their relevant claims or defenses.[6] Rule 26(a)(1)(A)(i) requires parties, without awaiting discovery requests, to disclose to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information."[7]

Defendants' counsel has represented that they will represent the individuals for their participation in this case. Because Plaintiff has not shown any other purpose or need for the requested personal information, Defendants' counsel's representation is sufficient to satisfy the requirements of Rule 26. Absent a demonstrated need, no party entitled to compel the personal information of a party that is represented by counsel.

IT IS SO ORDERED.

Dated: August 23, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *See id.* at 5, 11.

[4] *See id.*

[5] *See* Docket No. 31.

[6] Fed. R. Civ. P. 26(a).

[7] *Id.* at section (a)(1)(A)(i).

2

Case No.: 5:12-CV-06491-PSG
ORDER